# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Inderpreet Singh,<br><br>　　　　Petitioner,<br><br>v.<br><br>United States Department of Homeland Security, et al.,<br><br>　　　　Respondents. | No. CV-19-05590-PHX-SPL (CDB)<br><br>**ORDER** |

Petitioner Inderpreet Singh, who is detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona has filed, through counsel, a Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner has also attached a memorandum to the Petition,[1] in which he seeks a stay of removal. (Doc. 1-2.) The Court will issue a temporary stay of removal and require Respondents to answer the Petition.

**I.　Background**

Petitioner is a native and citizen of India. On June 26, 2019, he entered the United States without inspection near Calexico, California, and was encountered and taken into custody by the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP), the same day. (Doc. 1-3 at 15-20.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Naturalization Act § 235(b)(1), 8 U.S.C. § 1225(b)(1). (*Id.* at 15.)

---

[1] Also entitled "Petition for Writ of Habeas Corpus."

Petitioner expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination.

Petitioner retained counsel to represent him during the credible fear determination process. (Doc. 1-4 at 18-20.) On September 5, 2019, he received an initial telephonic credible fear interview, which was postponed pursuant to his request that counsel be present. (*Id.* at 81-83.) Petitioner's interview was rescheduled several times, and on September 20, 2019, a telephonic interview was held without counsel. (Doc. 1-3 at 2-12, 30-34.) An asylum officer found Petitioner was credible but determined Petitioner had not established that he had a credible fear of persecution or torture if removed to India. (*Id.* at 30-34.) The asylum officer reasoned that "under all the circumstances, it would be reasonable for [Petitioner] to relocate and avoid persecution," and Petitioner had not shown that "there was a significant possibility that … [t]he harm [he] fear[s] would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official [or] other person acting in an official capacity." (*Id.* at 36.) The determination was approved by a supervisory asylum officer, and on September 27, 2019, Petitioner was ordered removed from the United States. (*Id.* at 33, 38-39.)

Petitioner requested review of the credible fear determination by an Immigration Judge (IJ). (Doc. 1-3 at 38-39.) On an unknown date, a hearing was held, and an IJ affirmed the asylum officer's credible fear determination. (Doc. 1 ¶ 48.) On October 25, 2019, Petitioner submitted a request to United States Citizenship and Immigration Services (USCIS) to reconsider the credible fear determination and for a new credible fear interview. (Doc. 1-4 at 2-17.) The outcome of that request is unknown.

**II.   Petition**

In his Petition, Petitioner names as Respondents: United States Attorney General William Barr, former Acting DHS Secretary Kevin McAleenan,[2] Acting USCIS Director Ken Cuccinelli, United States Immigration and Customs Enforcement (ICE) Phoenix Field

---

[2] Acting DHS Secretary Chad Wolf shall be substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Office Director Enrique Lucero, Acting ICE Director Matthew T. Albence, and La Palma Correctional Center Warden Chuck Keeton, as well as DHS, CBP, ICE, and USCIS.[3] Petitioner asserts that the Court has habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).[4]

Petitioner brings three grounds for relief. In Grounds One and Two, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the governing statute, 8 U.S.C. § 1225(b)(1), and the Due Process Clause of the Fifth Amendment. Petitioner alleges DHS denied him his right to be represented by counsel, denied him an opportunity to submit relevant and probative evidence in support of his claim, and failed to assess his claim under the correct legal standard. In Ground Three, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act.

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 18.)

---

[3] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss the individual Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition). However, because DHS, CBP, USCIS, and ICE are agencies, not persons having custody over Petitioner, they will be dismissed as Respondents in this action. *See Rumsfeld*, 542 U.S. at 434 ("the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (quoting 28 U.S.C. § 2242)).

[4] In *Thuraissigiam*, the Ninth Circuit found that 8 U.S.C. § 1252(e)(2)'s statutory limitation on habeas corpus review "violate[d] the Suspension Clause as applied to Thuraissigiam," and held "[t]he district court ha[d] jurisdiction and, on remand, should exercise that jurisdiction to consider Thuraissigiam's legal challenges to the procedures leading to his expedited removal order." 917 F.3d at 1119.

The Court will require Respondents Barr, Wolf, Lucero, Cuccinelli, Albence, and Keeton to answer the Petition.

**III.     Stay of Removal**

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

In the interests of justice, the Court will issue a temporary stay of removal. Petitioner is subject to an order of expedited removal and alleges that "DHS has requested [his] passport which indicates they are arranging for his imminent removal." (Doc. 1-2 at 6.) Because removal would deprive him of the relief he seeks – asylum in the United States – he has shown that it is probable that he would suffer irreparable harm absent a stay. Petitioner has also shown that he has a substantial case on the merits, without prejudice to Respondents demonstrating the contrary, by raising material legal issues in the credible fear determination process. Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented. Accordingly,

**IT IS ORDERED:**

(1)     A temporary stay of removal is **entered.** Respondents are enjoined from removing Petitioner Inderpreet Singh (A# 201-741-802) from the United States pending further order of this Court.

(2)     Respondents DHS, CBP, USCIS, and ICE are **dismissed** from this action.

(3)     Acting DHS Secretary Chad Wolf is **substituted** for Kevin McAleenan as a Respondent in this action.

(4) The Clerk of Court shall **email** a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Peter Lantka at peter.lantka@usdoj.gov and Mary Finlon at mary.finlon@usdoj.gov.

(5) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, Wolf, Lucero, Cuccinelli, Albence, and Keeton pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(6) Respondents Barr, Wolf, Lucero, Cuccinelli, Albence, and Keeton shall have **30 days** from the date of service to answer the Petition (Doc. 1). Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(7) Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply.

(8) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(9) This matter is **referred** to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 20th day of November, 2019.

Honorable Steven P. Logan
United States District Judge